IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| FELDMAN & PINTO, P.C., | : | Civil Action |
| Plaintiff | : | |
| v. | : | |
| | : | No. 11-5400 |
| MARTHA LYNN SEITHEL and | : | |
| SEITHEL LAW LLC, | : | |
| Defendants | : | |

_____

TEMPORARY RESTRAINING ORDER

AND NOW, this 29th day of August, 2011, upon consideration of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, and after oral argument and submissions by counsel, a Temporary Restraining Order is hereby entered.

Until further order of Court, Defendants, their officers, members, agents, employees, and attorneys, are temporarily enjoined and restrained from:

(1)     soliciting, representing, or communicating with, directly or indirectly, any client of Feldman & Pinto P.C., absent the Firm's explicit written consent, except that until further order of Court Defendants may communicate with any client who, prior to August 26, 2011, submitted to Plaintiff a form electing to be represented thereafter by Defendants and not by Feldman & Pinto P.C.[1];

(2)     collecting any fee income earned from services rendered on behalf of any such client, regardless of whether an election form was submitted or not; and

---

[1] Based on counsel's representations, the Court understands that Plaintiff has received such an election form in not more than 151 cases total, and that these cases relate to Avandia, Yaz®, or Paxil.

(3)     communicating with, directly or indirectly, any referring attorney or co-counsel, with respect to the representation of any Feldman & Pinto P.C. client whose case has been, or is to be, filed in the Philadelphia Court of Common Pleas.

Plaintiff shall treat those election forms which it received prior to August 26, 2011, as if they were presumptively valid, although their validity is yet to be determined, and shall not initiate contact with clients who expressed an intention to be represented thereafter by Defendants, pending further order of Court.

Within five days of entry of this Order, Plaintiff shall post a bond or equivalent security in the amount of $25,000.[2]

Any further proceedings in this matter, including Plaintiff's request for a preliminary injunction, shall be handled by the Honorable Petrese B. Tucker.

SO ORDERED.

BY THE COURT:

_____/s/ Juan R. Sánchez_____
Juan R. Sánchez, J.

---

[2] This Order is without prejudice to either party's right to seek modification of the bond amount for good cause.