UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FELDMAN & PINTO, P.C., <br>     Plaintiff | : Civil Action No. 11-cv-5400 <br> : <br> : |
| v. | : <br> : |
| MARTHA LYNN SEITHEL and <br> SEITHEL LAW LLC, <br>     Defendants | : <br> : <br> : |

## ORDER

AND NOW, this __ day of September, 2011, upon consideration of Plaintiff's Emergency Motion for Expedited Discovery in Support of Preliminary Injunction, IT IS HEREBY ORDERED that the motion is GRANTED.

Feldman & Pinto P.C. shall be allowed to conduct the following expedited discovery prior the preliminary injunction hearing: (a) deposition of defendant Lynn Seithel, testifying on her own behalf and on behalf of Seithel Law LLC pursuant to Rule 30(b)(6); (b) depositions of up to four third-party witnesses, if the parties do not intend to stipulate to the admissibility of affidavits; and (c) document requests and subpoenas limited to factual issues relevant to the motion for preliminary injunction, upon 10 days' notice.

SO ORDERED.

BY THE COURT:

_____
Tucker, Petrese B.,   U.S.D.J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FELDMAN & PINTO, P.C., <br>           Plaintiff | : Civil Action No. 11-cv-5400 <br> : <br> : |
| v. | : <br> : |
| MARTHA LYNN SEITHEL and <br> SEITHEL LAW LLC, <br>           Defendants | : <br> : <br> : |

## PLAINTIFF'S EMERGENCY MOTION FOR EXPEDITED DISCOVERY IN SUPPORT OF PRELIMINARY INJUNCTION

Plaintiff Feldman & Pinto, P.C., by its undersigned counsel, hereby moves this Court for expedited discovery pursuant to Fed.R.Civ.P. 34(b)(2)(A) in support of its pending motion for preliminary injunction. In support of the motion, plaintiff avers as follows:

1. As more fully set forth in its Verified Complaint in Equity, plaintiff Feldman & Pinto P.C. ("the Firm") is a Philadelphia law firm which employed defendant Martha Lynn Seithel from early 2010 until June 13, 2011, as an associate and employee at will.

2. The Firm terminated Seithel's employment on June 13, 2011 after repeated instances of misconduct, including the surreptitious conversion of files belonging to Firm clients. More recently, Seithel has formed a law firm operating out of her South Carolina home and has been soliciting Firm clients on an ongoing basis to take over representation of the Firm's pharmaceutical mass tort cases in Philadelphia County, even though she is not licensed to practice law in this jurisdiction, has no trial experience and acquired their names and contact information through deceptive conduct.

3. It is critical that Feldman & Pinto be permitted to conduct discovery prior to the preliminary injunction hearing to enable it to fully develop and present its claims against the defendants at the hearing.

4. Without expedited discovery, Feldman & Pinto will be irreparably injured with respect to its ability to present its claims against the defendants at the hearing.

5. As reflected in the accompanying proposed form of order, the discovery sought by plaintiff is limited.

In further support hereof, plaintiff relies upon the memorandum of law attached hereto and incorporated herein by reference.

WHEREFORE, plaintiff Feldman & Pinto P.C. prays that an Order be entered in the form attached hereto, granting its motion for expedited discovery.

WEIR & PARTNERS LLP

By: /s/ Marc J. Zucker
    Marc J. Zucker, Esquire
    Jennifer Hiller Nimeroff, Esquire
Suite 500, The Widener Building
1339 Chestnut Street
Philadelphia, PA  19107
(215) 241-7792
Fax (215) 665-8464
mzucker@weirpartners.com

Attorneys for Plaintiff Feldman & Pinto P.C.

DATE: September 20, 2011

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FELDMAN & PINTO, P.C., <br> Plaintiffs, <br><br> v. <br><br> MARTHA LYNN SEITHEL and <br> SEITHEL LAW LLC <br> Defendants | : Civil Action No. 11-cv-5400 <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF EMERGENCY MOTION FOR EXPEDITED DISCOVERY

Plaintiff Feldman & Pinto P.C. has moved this Court, pursuant to Fed.R.Civ.P. 34(b)(2)(A) for expedited discovery in support of its pending motion for preliminary injunction.

As more fully set forth in its Verified Complaint in Equity, plaintiff Feldman & Pinto P.C. ("the Firm") is a Philadelphia law firm which employed defendant Martha Lynn Seithel from early 2010 until June 13, 2011, as an associate and employee at will. The Firm terminated Seithel's employment on June 13, 2011 after repeated instances of misconduct, including the surreptitious conversion of files belonging to Firm clients. More recently, Seithel has formed a law firm operating out of her South Carolina home and has been soliciting Firm clients on an ongoing basis to take over representation of the Firm's pharmaceutical mass tort cases in Philadelphia County, even though she is not licensed to practice law in this jurisdiction, has no trial experience and acquired their names and contact information through deceptive conduct.

It is critical that Feldman & Pinto be permitted to conduct discovery prior to the preliminary injunction hearing to enable it to fully develop and present its claims against the defendants at the hearing.

Fed.R.Civ.P. 34(b)(2)(A) empowers a court to order a shortened time for responding to discovery. Moreover, this Court has held that expedited discovery is appropriate in actions seeking a preliminary injunction. Nextgen Healthcare Information Systems, Inc. v. Messier, 2005 WL 3021095 (E.D.Pa. 2005)(granting the plaintiff's request for expedited discovery in advance of a hearing on the plaintiff's request to enjoin the defendant from misappropriating the plaintiff's trade secrets and competing with the business of the plaintiff); Moscony v. Quaker Farms, LP, 2000 WL 1801853 (E.D.Pa. 2000) (it is "generally appropriate" for a plaintiff to serve expedited discovery together with a request for a preliminary injunction); Educational Commission, Foreign School Medical Graduates v. Repik, 1999 WL 317052 (E.D.Pa. 1999) (holding that expedited discovery, prior to the preliminary injunction hearing, was "appropriate" to aid the court in determining whether defendant-former independent contractor was using plaintiff's confidential information for his own enterprises).

As set forth in more detail in plaintiff's Verified Complaint in Equity and Motion for Preliminary Injunction, Feldman & Pinto will suffer irreparable injury without the requested relief. In order to prepare effectively for the hearing, given that many documents have been taken by defendants, and given the limitations on plaintiff's communications with clients who purportedly elected to be represented by defendants, plaintiff needs expedited discovery in advance of the preliminary injunction hearing.

The discovery sought by this motion is limited in quantity and scope. The proposed form of order permits plaintiff to proceed with (a) the deposition of defendant Lynn Seithel, testifying on her own behalf and on behalf of Seithel Law LLC pursuant to Rule 30(b)(6); (b) depositions of up to four third-party witnesses, if the parties do not intend to stipulate to the admissibility of affidavits; and (c) document requests and subpoenas limited to factual issues relevant to the

motion for preliminary injunction, upon 10 days' notice.

For all of these reasons, and those set forth in the memoranda of law in support of injunctive relief, incorporated herein by reference, expedited discovery should be permitted.

        Respectfully submitted,

        WEIR & PARTNERS LLP

        By: /s/ Marc J. Zucker
            Marc J. Zucker, Esquire
            Jennifer Hiller Nimeroff, Esquire
            Suite 500, The Widener Building
            1339 Chestnut Street
            Philadelphia, PA  19107
            (215) 241-7792
            Fax (215) 665-8464
            mzucker@weirpartners.com

        Attorneys for Plaintiff Feldman & Pinto P.C.

DATE: September 20, 2011

## CERTIFICATE OF SERVICE

I, Marc J. Zucker, Esquire hereby certify that on September 20, 2011, I caused to be served upon opposing counsel the foregoing motion and supporting memorandum via email and electronic filing to:

> Alan Epstein, Esq. and Jennifer Myers Chalal, Esq.
> Seven Penn Center, 7th Floor
> 1635 Market Street
> Philadelphia, PA  19103

/s/ Marc J. Zucker

Dated: September 20, 2011