# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FELDMAN & PINTO, P.C. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 11-cv-5400 |
| | : | |
| MARTHA LYNN SEITHEL | : | |
| and | : | |
| SEITHEL LAW, LLC | : | |

## ORDER

AND NOW, this      day of                              , 2011, upon consideration of Plaintiff's Emergency Motion for Expedited Discovery in Support of Preliminary Injunction, and Defendants' response in opposition thereto, it is hereby **ORDERED** that Plaintiff's Motion is **DENIED**.

BY THE COURT:

_____
Tucker, Petrese B., U.S.D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| FELDMAN & PINTO, P.C. | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : | NO. 11-cv-5400 |
| MARTHA LYNN SEITHEL and SEITHEL LAW, LLC | : | |

**DEFENDANTS' RESPONSE AND OPPOSITION TO
PLAINTIFF'S EMERGENCY MOTION FOR EXPEDITED DISCOVERY**

Defendants Martha Lynn Seithel ("Seithel") and Seithel Law, LLC ("Seithel Law") (hereinafter collectively "Defendants"), by and through their undersigned counsel, hereby oppose and respond to Plaintiff Feldman & Pinto, P.C.'s ("the Firm" or "Plaintiff") Emergency Motion for Expedited Discovery in Support of Preliminary Injunction as follows:

1. Admitted in part, denied in part. Defendants admit only that Plaintiff is a law firm with an office in Philadelphia and that Plaintiff employed Ms. Seithel from January 2010 until June 13, 2011. Defendants deny the remaining averments.

2. Admitted in part; denied in part. Defendants admit only that Plaintiff terminated Ms. Seithel's employment on June 13, 2011 and that she subsequently formed a law firm in South Carolina. Defendants deny the remaining averments.

3. Denied.

4. Denied.

5. Denied. By way of further response, Plaintiff has not identified the subject matters that will be the subject of its proposed Rule 30(b)(6) deposition and has not identified the four third-party witnesses it seeks to depose. Moreover, notwithstanding that it filed its Emergency Motion on September 20, 2011 and knew Defendants' response was due September 27, 201 Plaintiff waited until September 27, 2011 to issue its Request for Documents Bearing on Preliminary Injunctions. A copy of Plaintiff's Request for the Production of Documents bearing on preliminary injunction is attached as Exhibit "A". Contrary to Plaintiff's representations, the requests are not limited to factual issues relevant to Plaintiff's Motion for Preliminary Injunction.

WHEREFORE, based on the above and Defendants' accompanying Memorandum of Law in Support of their Opposition to Plaintiff's Emergency Motion for Expedited Discovery, Defendants respectfully request that Plaintiff's Emergency Motion for Expedited Discovery be denied.

Respectfully submitted,

SPECTOR, GADON & ROSEN, P.C.

By: /s/ Jennifer Myers Chalal (77841)
Alan B. Epstein (ID No. 02346)
Jennifer Myers Chalal (ID No. 77841)
1635 Market Street – 7th Floor
Philadelphia, PA 19103
(215)241-8888

Dated: 9/28/11

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28ʰ day of September, 2011, I caused a true and correct copy of *Defendants' Response to Plaintiff's Emergency Motion for Expedited Discovery and Supporting Memorandum of Law* to be filed on the electronic filing system for the U.S. District Court for the Eastern District of Pennsylvania and served on the following counsel via electronic mailing:

>Marc J. Zucker, Esquire
>Jennifer Hiller Nimeroff, Esquire
>WEIR & PARTNERS, LLP
>The Widener Building, Suite 500
>1339 Chestnut Street
>Philadelphia, PA  19107
>mzucker@weirpartners.com

>/s/ Jennifer Myers Chalal
>Jennifer Myers Chalal

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FELDMAN & PINTO, P.C. | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 11-cv-5400 |
| | : | |
| MARTHA LYNN SEITHEL | : | |
| and | : | |
| SEITHEL LAW, LLC | : | |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF ITS RESPONSE AND OPPOSITION TO
PLAINTIFF'S EMERGENCY MOTION FOR EXPEDITED DISCOVERY
IN SUPPORT OF PRELIMINARY INJUNCTION**

**I.   INTRODUCTION**

Over two months after filing a Writ of Summons against Defendants Martha Lynn Seithel ("Seithel") and Seithel Law, LLC ("Seithel Law")(hereinafter collectively "Defendants") and over three weeks after filing its Verified Complaint in Equity and Motion for Preliminary Injunction, Plaintiff Feldman & Pinto, P.C. ("the Firm" or "Plaintiff") has filed yet another "emergency" motion now seeking expedited discovery in support of preliminary injunction. Recognizing that this Court has not even ruled on Plaintiff's Motion for a Preliminary Injunction and that the Honorable Juan R. Sanchez has imposed a Temporary Restraining Order that would maintain the *status quo*, Plaintiff's need for discovery is hardly an emergency. In fact, confirming the lack of urgency, Plaintiff has made no attempt to identify the subject matters of the purported 30(b)(6) deposition it seeks to take of Seithel Law and still has not identified the four third-party witnesses it seeks to depose. Plaintiff also waited

one week after filing its Emergency Motion to serve its Request for Production of Documents Bearing on Preliminary Injunction. See Exhibit "A". As the following shall demonstrate, Plaintiff's Request for Documents is overly broad and not limited to the issues raised in its Motion for Preliminary Injunction. Accordingly, Defendants oppose Plaintiff's Emergency Motion for Expedited Discovery and respectfully request that it must be denied.

## II. **LEGAL DISCUSSION**

Under Rule 26(d) of the Federal Rules of Civil Procedure, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d). While Rule 26(d) does provide for an exception from the "meet and confer" process when the parties agree to expedited discovery or when the Court otherwise authorizes such discovery, Rule 26 does not set forth a standard by which expedited discovery should be granted. See *Entertainment Technology Corporation v. Walt Disney Imagineering, et al.*, Civ. A. No. 03-3546, 2003 WL 22519440 *2 (E.D. Pa. October 2, 2003). However, the courts including those in the Eastern District of Pennsylvania have attempted to establish such a standard. *Id. See generally Notaro v. Koch*, 95 F.R.D.403 (S.D.N.Y. 1982)(utilizing a strict standard based on the factors utilized in preliminary injunction matters). *But see Philadelphia Newspapers, Inc. v. Gannett Satellite Information Network*, 1998 U.S. Dist. LEXIS 10511 **4-6 (E.D. Pa. July 15, 1998)(rejecting the *Notaro* factors and using a more liberal standard known as the "reasonableness inquiry" which

examines the circumstances of the case, the need for discovery and the scope of the request).

Following the *Philadelphia Newspapers Court*, the court in *Entertainment Technology* directed that a "reasonableness" inquiry should be utilized when a preliminary injunction is sought. *Entertainment Technology Corporation*, 2003 WL 22519440 *4. Under the standard announced by the *Entertainment Technology Court*, "a district court should decide a Motion for Expedited Discovery on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Id.* (*citing Merrill Lynch v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill. 2000)). The court further instructed that "[w]hether or not a preliminary injunction hearing is pending [will be] one factor to be evaluated among many, rather than an outcome determinative fact." Applying the above, the circumstances presented here do not warrant expedited discovery.

### A.  Expedited Discovery Is Unwarranted

Plaintiff's expedited discovery request to further its attempt to obtain a preliminary injunction is unwarranted under the circumstances because Plaintiff is not entitled to a preliminary injunction as a matter of law. Specifically, as set forth in Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction which is incorporated hereto by reference, Plaintiff cannot establish a likelihood of success on its claims and is unable to establish irreparable harm that cannot be remedied by monetary damages. Therefore, because Plaintiff's Motion for Preliminary Injunction

should be denied, there is no need for a preliminary injunction hearing. If there is no hearing, it follows that there is no justification for expedited discovery and Plaintiff can obtain the discovery it seeks after the parties confer and meet pursuant to Rule 26(f). Moreover, since there is already a temporary restraining order in place, there is no compelling urgency for such discovery.

### B. The Requested Discovery Is Overly Broad And Unreasonable

It is well settled that "courts generally deny motions for expedited discovery when the movant's discovery requests are overly broad." *Philadelphia Newspapers, Inc.* 1998 U.S. Dist. LEXIS 10511. In *Philadelphia Newspapers*, this Court recognized that "without reasonable boundaries, the Court will not order time-consuming discovery before the period prescribed in Rule 26(d)" and denied the Plaintiff's Motion for Expedited Discovery. *Id.* at *9.

In the present matter, the discovery sought by Plaintiff is overly broad and is undoubtedly "without boundaries." Specifically, Plaintiff asks for "[a]ny and all documents relating to a communication with a person who was a Feldman & Pinto Client as of June 13, 2011" without any limitations on time or scope. Accordingly, this would require Defendants to produce privileged information once a client elected to remain with Defendants. Similarly, Plaintiff's request for "[a]ny and all telephone records of phone calls and texts made and received by [Defendants] or someone on [Defendants'] behalf between June 1, 2011 and the date of [Defendants] response hereto, relating to any person who was a Feldman & Pinto client as of June 13, 2011" would unnecessarily require Defendants to produce documents related to a time

4

period prior to when Plaintiff's claim Defendants engaged in wrongful conduct. It would also require Defendants to produce confidential privileged information. Moreover, Defendants could not even obtain such documents from cellular providers in such a short time period.

Additionally, and telling of Plaintiff's motives, the majority of the discovery requests are not limited to the issues raised in Plaintiff's Motion for Preliminary Injunction. For instance, documents requested in Nos. 8 and 9 regarding Ms. Seithel's contention that she was promised an equity interest or fee interest in Feldman & Pinto are not related to the Preliminary Injunction. Likewise, receipts regarding expenses charged to Plaintiff's credit card and the engagement letter between Ms. Seithel and the undersigned firm as requested in Nos. 10 and 11 are not related to the Motion for Preliminary Injunction. Indeed, Plaintiff's Motion for Expedited Discovery is nothing more than a fishing expedition to obtain materials related to the counts in its Complaint and not the injunctive relief it seeks.

### III. **CONCLUSION**

Based on the foregoing reasons and Plaintiff's inability to establish the reasonableness of its discovery requests under the circumstances of this case, Defendants' respectfully request that Plaintiff's Emergency Motion for

Expedited Discovery must be denied.

        Respectfully submitted,

        SPECTOR, GADON & ROSEN, P.C.


        By:   /s/ Jennifer Myers Chalal (77841)
             Alan B. Epstein (ID No. 02346)
             Jennifer Myers Chalal (ID No. 77841)
             1635 Market Street – 7th Floor
             Philadelphia, PA 19103
             (215)241-8888

Dated: 9/28/11

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28h day of September, 2011, I caused a true and correct copy of *Defendants' Response to Plaintiff's Emergency Motion for Expedited Discovery and Supporting Memorandum of Law* to be filed on the electronic filing system for the U.S. District Court for the Eastern District of Pennsylvania and served on the following counsel via electronic mailing:

Marc J. Zucker, Esquire
Jennifer Hiller Nimeroff, Esquire
WEIR & PARTNERS, LLP
The Widener Building, Suite 500
1339 Chestnut Street
Philadelphia, PA  19107
mzucker@weirpartners.com

/s/ Jennifer Myers Chalal
Jennifer Myers Chalal