IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FELDMAN & PINTO, P.C., | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : NO. 11-5400 |
| MARTHA LYNN SEITHEL and SEITHEL LAW LLC, | : |
| Defendants. | : |

## ORDER

**AND NOW**, this _____ day of October, 2011, upon consideration of Plaintiff's Emergency Motion to Quash Subpoenas (Doc. 24), **IT IS HEREBY ORDERED and DECREED** that the Motion is GRANTED and the subpoena of Rosemary Pinto is quashed in its entirety, and the document requests attached to each subpoena at issue are likewise quashed.[1]

---

[1] "On timely motion, the issuing court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply . . . or (iv) subjects a person to undue burden." FED. R. CIV. P. 45 (c)(3)(A)(i),(iv). The Court agrees with Plaintiff that the Document Requests attached to the Defendants' Subpoenas should be quashed as both untimely and unduly burdensome. A number of courts in the Third Circuit have found it improper for parties to use trial subpoenas as a discovery device on the eve of trial. See,e.g., Puritan Inv. Corp. v. ASLL Corp., No. 97-1580, 1997 WL 793569 (E.D. Pa. Dec. 9, 1997); Thompson v. Glenmede Trust Co., No. 92-5233, 1996 WL 529691 (E.D. Pa. Sept. 16, 1996). In this case, it appears that Defendants are attempting to use subpoenas to conduct discovery on the eve of a preliminary injunction hearing. The Court notified the parties of the October 12-14 preliminary injunction hearing in an order entered on September 30, 2011. (Doc. 20). Defendants did not issue subpoenas until October 5, 2011. Moreover, the document requests included in the subpoenas are unduly burdensome because they are overly broad. (See Doc. 21). Finally, the documents requested appear to be irrelevant to the pending preliminary injunction hearing. Therefore, because the parties are literally on the eve of the preliminary injunction hearing, scheduled to begin tomorrow, Wednesday, October 12, 2011, the Court will grant Plaintiff's Motion to Quash the Document Requests as unduly burdensome, irrelevant, and for failing to permit Plaintiff a reasonable time in which to produce the requested documents.

Additionally, because Laura Feldman, president and sole shareholder of Plaintiff Feldman & Pinto, P.C., will be present at the preliminary injunction hearing, the Court finds it unnecessary to require the presence of Rosemary Pinto. Therefore, the Court will also quash the subpoena of Rosemary Pinto in its entirety.

The parties should keep in mind, however, that, if necessary, the requests included in Defendants'

BY THE COURT:

/s/ Petrese B. Tucker

_____

**Hon. Petrese B. Tucker, U.S.D.J.**

---

subpoenas may be renewed via discovery requests as the litigation proceeds.