IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FELDMAN & PINTO, P.C., | : |
| | : |
| Plaintiff, | : CIVIL ACTION |
| | : |
| v. | : NO. 11-5400 |
| | : |
| MARTHA LYNN SEITHEL and SEITHEL LAW LLC, | : |
| | : |
| Defendants. | : |

## ORDER

**AND NOW**, this \_\_\_\_ day of December, 2011, in consideration of Plaintiff's Motion for Preliminary Injunction (Doc. 5), Defendants' Response in Opposition thereto (Doc. 18), and the evidence and testimony presented to the Court in the preliminary injunction hearing held on October 12-14, 2011; October 26-27, 2011; and November 2-3, 2011, **IT IS HEREBY ORDERED and DECREED** that the Plaintiff's Motion for Preliminary Injunction is **GRANTED**.

**IT IS FURTHER ORDERED** that the original Temporary Restraining Order (Doc. 6), entered on August 29, 2011, is no longer in effect as stated.

**IT IS FURTHER ORDERED** that the terms of the preliminary injunction are as follows:

1) Plaintiff may initiate contact with clients who, before August 26, 2011, expressed an intention to be represented by Defendants and not by Plaintiff, and for whom Plaintiff has thereafter documented the clients' intent to retract the clients' election of Defendants, as set forth in Plaintiff's Exhibit 7(A).

2) Plaintiff shall not, until further order of the Court, initiate contact with clients who, before August 26, 2011, expressed an intention to be represented by Defendants and not by Plaintiff, and who have not thereafter communicated to Plaintiff an intent to retract that election.

3) Until further order of the Court, Defendants are enjoined and restrained from soliciting, representing, or communicating with, directly or indirectly, any client of Feldman & Pinto P.C., absent Plaintiff's explicit written consent, except that Defendants may continue to communicate with any client who, prior to August 26, 2011, submitted to Plaintiff a form electing to be represented thereafter by Defendants and not by Plaintiff. Any communication by Defendants with clients electing to be represented by Defendants prior to August 26, 2011 shall only be in regard to ongoing matters in the clients' cases, and shall not refer to the clients' representation, or choice of representation, in any way whatsoever.

4) Defendants are enjoined from communicating with, directly or indirectly, any referring attorney or co-counsel with respect to the representation of any Feldman & Pinto P.C. client whose case has been, or is to be, filed in the Philadelphia Court of Common Pleas.

5) Any fee income earned from services rendered by either party on behalf of any client who, prior to August 26, 2011, submitted to Plaintiff a form electing to be represented thereafter by Defendants shall remain in escrow.

6) On or before January 2, 2012, both parties shall submit to the Court a proposed corrective letter, which will be mailed by the Court to those clients who returned election forms in which the clients elected Defendants as their representative.

7) On or before January 6, 2012, Plaintiff shall submit a list of clients and addresses to whom the corrective letter should be mailed. The list shall include only those clients that received election forms from Defendants, and returned the election forms indicating that they selected Defendants as their representative.

8) The corrective letter shall not be mailed to Erika D. or clients for whom the Law Firm of Tor Hoerman has already elected Defendants as their legal representatives.

9) Once the corrective letter has been mailed, the election forms in which clients elected Seithel Law LLC will no longer be treated as presumptively valid.

10) The parties shall await further order of the Court regarding further remedial action that will be taken in this matter.

**BY THE COURT:**

**/s/ Petrese B. Tucker**
_____
**Hon. Petrese B. Tucker, U.S.D.J.**