IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FELDMAN & PINTO, P.C. | : CIVIL ACTION |
| v. | : NO. 11-cv-5400 |
| MARTHA LYNN SEITHEL and SEITHEL LAW, LLC, | : |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' EMERGENCY MOTION FOR PARTIAL STAY OF PRELIMINAY INJUNCTION ORDER PENDING APPEAL**

Defendants, Martha Lynn Seithel ("Seithel") and Seithel Law, LLC ("Seithel Law") (hereinafter collectively "Defendants"), respectfully submit this Memorandum of Law in Support of their Emergency Motion to partially stay the enforcement of this Court's December 23, 2011 Order (hereinafter "Preliminary Injunction Order") granting a preliminary injunction against Defendants and in favor of Plaintiff Feldman & Pinto, P.C. (hereinafter "Plaintiff" or "F&P").

I.  **STATEMENT OF FACTS AND PROCEDURAL HISTORY** [1]

This action arises out of a dispute between a law firm, Plaintiff Feldman & Pinto, and a departing attorney, Defendant Seithel, who thereafter formed her own law firm, Defendant Seithel Law.

Plaintiff filed a Motion for Preliminary Injunction and Special Injunction on August 26, 2011. The Honorable Juan R. Sanchez entered

---

[1] The facts of the underlying dispute have been separately presented by the parties and Defendants will not repeat its statement of these facts for purposes of this Motion.

a Temporary Restraining Order on August 29, 2011. Defendants filed its Response and Opposition to Plaintiff's Motion for Preliminary Injunction on September 28, 2011 (Docket No. 18).

A preliminary injunction hearing was held before the Court on October 12 – 14, 2011; October 26 – 27, 2011; and November 2 – 3, 2011. The parties submitted their respective findings of fact and conclusions of law on November 22, 2011 (Docket Nos. 35 and 36). The Court filed its Order and Opinion granting Plaintiff's Motion for Preliminary Injunction on December 22, 2011 which was entered on December 23, 2011 (Docket Nos. 37 and 38). A copy of the Order is attached as Exhibit "A".

The Preliminary Injunction Order contains 10 paragraphs setting forth the injunctive relief granted by the Court. The present Emergency Motion seeks an Order staying only two paragraphs in the Courts Order: Paragraphs 4 and 6.

Paragraph 4 provides:

4) Defendants are enjoined from communicating with, directly or indirectly, any referring attorney or co-counsel with respect to the representation of any Feldman & Pinto, P.C. client whose case has been, or is to be, filed in the Philadelphia Court of Common Pleas.

Paragraph 6 of the Order provides:

6) On or before January 2, 2012, both parties shall submit to the Court a proposed corrective letter, which will be mailed by the Court to those clients who

returned election forms in which the client selected defendants as their representative.[2]

Pursuant to 28 U.S.C. §1292(a)(1), on December 29, 2011, Defendants timely filed a Notice of Appeal with the Untied States Court of Appeal for the Third Circuit. A copy of the Notice of Appeal is attached as Exhibit "B". In light of this pending appeal, Defendants now request a stay of paragraphs 4 and 6 of the Preliminary Injunction Order. Defendants do not request that any other provision of the Order be stayed and do not request that the proceedings in this Court or the Court of Appeals be stayed in any other respect.

## II. **LEGAL DISCUSSION**

Federal Rule of Civil Procedure 62(c), which governs stay of proceedings pending an appeal, provides in relevant part that:

> While an appeal is pending from an interlocutory order or final judgment that grants, dissolves or denies an injunction, the court may suspend, modify, restore or grant an injunction on terms for bond or other terms that secure the opposing party's rights. ....

Fed. R. Civ. P. 62(c). In considering whether to issue a stay, the court must balance the following four factors:

1. Likelihood of success on the merits of the appeal.
2. Irreparable injury to Defendant[s] if stay is denied.
3. Harm to Plaintiff if stay is granted.
4. The public interest.

---

[2] The Court has set January 2, 2012 as the date for submitting the proposed corrective letter. However, January 2, 2012 is a federal holiday and the Court is closed.

3

*Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F 2d 653, 658 (3d Cir. 1991). *See also Kawecki Berylco Indus. Inc. v. Sansteel, Inc.*, 517 F. Supp.539, 540-541 (E.D.Pa.1981). A review of these four factors favors granting the limited stay requested by Defendants.

### A. There Is A Likelihood Of Success On The Merits Of Defendants' Appeal

The Third Circuit Court of Appeals reviews a district court's decision granting an injunction for abuse of discretion. *See Freethought Society v. Chester County*, 334 F.3d 247, 255-56 (3d Cir. 2003). *See also Allegheny Energy Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3d Cir. 1999). Under this standard of review, the Third Circuit has found that "...since an abuse of discretion exists where a decision rests upon an erroneous conclusion of law, we have plenary review over the district court's underlying legal conclusions." *Freethought*, 334 F.3d at 255-256.

To establish entitlement to a preliminary injunction, the moving party must establish:

1. A clear right to relief and a likelihood of success on the merits;
2. Immediate and irreparable harm which can not be compensated by damages;
3. Possible harm to other parties; and
4. That the injunction would be in the public interest.

*Doeblers EA Hybrids, Inc. v. Doeblers Seeds, LLC*, 88 Fed. Appx. 520, 522 (3d Cir. 2004). It is well settled that preliminary injunctions are

4

extraordinary and drastic remedies. *See Sovereign Order of St. John of Jerusalem – Knights of Malta v. Messineo*, 572 F. Supp. 983, 988 (E.D. Pa. 1983). Accordingly the power to issue an injunction should be used sparingly and relief should not be granted except in rare instances in which the law, the facts and equities are clearly in favor of the moving parties. *Id.* Applying this legal standard, Plaintiff did not satisfy its heavy burden in establishing that immediate and irreparable harm will result absent a preliminary injunction and the Court of Appeals will likely determine that the finding of irreparable harm to Plaintiff is contrary to law.[3]

Specifically, irreparable harm is defined as that harm which ". . . cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the only way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989) (internal citations omitted). The "...Third Circuit has continually noted that where the claimed injury actually constitutes a loss of money, the loss is capable of recoupment in an action at law." *Greene v. Robert Rubin*, Civ. A. No. 95-2415, 1998 U.S. Dist. LEXIS 227 **3-4 (E.D. Pa. January 15, 1998) (*quoting Naccaratti v. Wilkins Township*, 846 F.Supp. 405, 409 (W.D. Pa. 1993)). Therefore, a loss of income alone does not constitute irreparable harm. *Id.* In other

---

[3] While Defendants continue to dispute the Plaintiff has demonstrated the other elements required for the issuance of a Preliminary Injunction, Defendant shall only focus on the irreparable harm element for purposes of this Motion.

words, "the availability of adequate monetary damages belies the claim of irreparable injury." *Frank's GMC Truck Center, Inc. v. General Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988).

Applying the above, the loss of client relationships as recognized by this Court in support of it finding of irreparable harm can be fully compensated with monetary damages. Similarly, the attorney fees that Plaintiff expected to receive from clients that elected Ms. Seithel can also be compensated by monetary damages. While this Honorable Court did correctly recognize that the Pennsylvania Supreme Court in *Adler Barrish*, 393 A.2d 1175 (Pa 1978) found the conduct of the departing attorneys improper, the *Adler* Court never held that the loss of clients constituted irreparable harm warranting injunctive relief. Additionally, this finding was limited to those specific factual circumstances which are distinguishable from the present matter. Moreover, the TRO has also been dissolved so Plaintiff is not prevented from protecting the interests of its client.[4]

Secondly, the finding of irreparable injury in the case of *Vector Security Inc. v. Stewart*, 88 F. Supp. 2d 395 (E.D. Pa. 2000) does not justify the finding of irreparable harm here. Specifically, the holding in *Vector* was based upon the breach of a restrictive covenant not to

---

[4] While the Court found that Plaintiff has been denied access to the Dropbox which is disputed by Defendants, this alleged harm could be easily rectified by directing Defendants to produce all files contained on the Dropbox rather than through any of the directives contained in the Preliminary Injunction Order. Moreover, it has never been established that Plaintiff does not have all of the materials contained in that Dropbox.

compete and the Court recognized that "the harm caused by a breach of covenant not to compete is difficult to assess for damage purposes." *Vector Security, Inc.*, 88 F. Supp.2d at 401. In the present matter, there is no non-compete agreement nor could there be under the Professional Rules of Conduct governing lawyers in Pennsylvania. Therefore, the difficulties in assessing monetary damages are non-existent. Further, while *Vector Security Court* did recognize the value of customer relationships, this factor was only considered because "Vector's business [was] premised on maintaining a long-term relationship with its subscribers." *Id.* Unlike the business in *Vector Security*, plaintiffs in pharmaceutical litigation matters are usually "one-time customers."

Last, Plaintiff never demonstrated any damage to its good-will, business or reputation that would rise to the level of irreparable harm recognized in the cases cited by the Court. Specifically, Plaintiff has not been prevented from continuing its pharmaceutical litigation practice and has not demonstrated that it suffered a loss of referral business. *Compare Fitzgerald v. Mount Laurel Racing, Inc.*, 607 F.2d 589, 601 (3d Cir. 1979)(finding irreparable harm to "business and reputation" based upon suspension for alleged violation of rule implying dishonesty which prevented Plaintiff from pursuing his profession). There are also no trade secrets that have been threatened. To the extent that Plaintiff has suffered any damages to its reputation, these harms have been caused by its own improper conduct in defaming Defendants and perpetuating

7

its public crusade against Ms. Seithel. In fact, unlike Plaintiff, Defendants never even involved clients or referring attorneys in any aspect of this litigation.

Based on the above, Plaintiff has not established a likelihood that it would suffer irreparable harm that could not be compensated by monetary damages and Defendants are likely be successful on the merits of their appeal. Accordingly, the requested stay of enforcement of Paragraphs 4 and 6 of the Preliminary Injunction Order should be granted.

**B.     Refusal To Grant The Limited Stay Requested Will Cause Defendants To Suffer Significant And Irreparable Harm**

Enforcement of Paragraphs 4 and 6 of the Court's Preliminary Injunction Order will cause Defendants to suffer serious, irreparable harm. Specifically, under Paragraph 4, Defendants are prohibited from having any type of communication with any referring attorney or co-counsel with respect to the representation of any Feldman & Pinto, P.C. client whose case has been, or is to be, filed in the Philadelphia Court of Common Pleas. If the clients who have elected to remain with Defendants are considered to be Feldman & Pinto, P.C. clients, this provision prevents Defendants from properly handling cases because Ms. Seithel and Seithel Law will, most certainly, need to speak with referring attorneys and/or co-counsel in carrying out their responsibilities to the individual clients represented by those referring counsel and co-counsel. This prohibition will also interfere with Defendants' ability to prosecute

those cases where referring counsel are the individuals with sole contact with the clients and also prevent the coordination of representation with co-counsel. Defendants should not be caused to suffer such irreparable harm absent a ruling by the Court of Appeals on the propriety of the Preliminary Injunction Order.

Similarly, enforcing Paragraph 6 of the Preliminary Injunction Order before a ruling by the Court of Appeals will cause Defendants to suffer further irreparable harm. Particularly, an issuance of a letter by the Court to clients who elected Defendants as their representative as opposed to a letter from the parties will result in significant harm to Defendants goodwill and reputation. *See Kos Pharms., Inc. v. Andrx Corp.*, 369 F. 3d 700, 726 (3d Cir. 2004)(Injury to reputation and goodwill constitute irreparable harm). Specifically, the clients who are issued letters would be further misguided into believing that Defendants had done something wrong -- a finding that is now being challenged by Defendants to the Third Circuit of Appeals. Only a stay of enforcement of these provisions would prevent these resulting irreparable harms.

### C. The Limited Stay Requested Would Not Substantially Harm Plaintiff

Plaintiff will not be harmed by a Stay of Paragraphs 4 and 6 of the Preliminary Injunction Order. First, because continued communications with referring attorneys or co-counsel regarding matters that Defendants are handling is necessary to proper representation of the clients, Plaintiffs will not suffer any harm by these communications. In fact, to

9

the extent such communication enhances the representation and thereby the value of the client's case, the Plaintiff will be benefited by Defendants' intercession with referring counsel and co-counsel. Second, because Plaintiffs have conceded that Defendants' co-counsel is highly regarded and this Court has accepted that Defendants are qualified to handle the cases in which they have been elected, there is no specific harm that will come to Plaintiff if a letter is not immediately sent by the Court. More significantly, all of the fees at dispute will go into escrow in accordance with the uncontested portion of the injunctive relief issued and Plaintiff's fee interest will continue to be fully protected. Further, the TRO which Plaintiff complained about has been dissolved and Plaintiff shall not be precluded from communicating with any clients that have sent an intent to retract their election.

### D. The Requested Stay Is In The Public Interest

The issuance of letters to clients by the Court before the pending appeal is resolved would create confusion in the event that Defendants Appeal is successful. This is because a third or fourth letter would then need to be issued retracting all of the statements set forth in the letter issued by the Court. Issuing a letter by the Court would also prematurely interfere with the established attorney/client relationship between Defendants and the clients issued Court letters as well as the relationship between these clients and Lopez McHugh.

## III. **CONCLUSION**

The balance of the factors relevant to determining whether the issuance of a stay is warranted weight heavily in favor of Defendants. Accordingly, based on the above, Defendants respectfully request that Court grant the limited stay requested and partially stay enforcement of Paragraphs 4 and 6 of the Preliminary Injunction Order pending appeal.

    Respectfully submitted,

    SPECTOR GADON & ROSEN, P.C.

    By: /s/ Jennifer Myers Chalal
        Alan B. Epstein - 2346
        Jennifer Myers Chalal - 77841
        1635 Market Street, 7th Floor
        Philadelphia, PA  19103
        (215) 241-8888
        *Attorneys for Defendants*

Date: 12/30/11